# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMI KANDEL, MOCHA GUNARATNA, and RENEE CAMENFORTE, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>   vs.<br><br>DR. DENNIS GROSS SKINCARE, LLC, a New York Limited Liability Company,<br><br>                Defendant. | Case No. 1:23-cv-01967-ER<br><br>Honorable Edgardo Ramos<br><br>**ORDER GRANTING PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND COSTS, AND SERVICE AWARDS** |

WHEREAS, Plaintiffs' Motion for Final Approval of Class Action Settlement came on for hearing before this Court on October 31, 2024, with Class Counsel Clarkson Law Firm, P.C. ("**Class Counsel**") appearing on behalf of Mocha Gunaratna, Renee Camenforte, and Jami Kandel ("**Settlement Class Representatives**" or "**Plaintiffs**"), and Morrison & Foerster, LLP and Price Parkinson & Kerr, PLLC appearing on behalf of Dr. Dennis Gross Skincare, LLC ("**Defendant**") (collectively, the "**Parties**").

WHEREAS, on December 16, 2021, Settlement Class Representatives Mocha Gunaratna and Renee Camenforte filed their operative complaint in *Gunaratna v. Dr. Dennis Gross Skincare, LLC*, Case No. 20-2311-MWF (GJSx) (C.D. Cal.) ("***Gunaratna***");

WHEREAS, on March 7, 2023, Settlement Class Representative Jami Kandel filed this action ("***Kandel***" or "**the Action**," and together with *Gunaratna*, the "**Actions**");

WHEREAS, Plaintiffs allege in the Actions that Defendant deceptively and unlawfully labeled, packaged, and marketed its "C+Collagen" line of products, including the C+Collagen Deep Cream, C+Collagen Serum, C+Collagen Mist, C+Collagen Eye Cream and C+Collagen Mask, and any other products sold with the C+Collagen label, whether sold alone or in combination with other products (the "**Class Products**");

WHEREAS, Plaintiffs filed an amended complaint in this action on March 26, 2024 to facilitate their pursuit and resolution of claims on behalf of all nationwide Settlement Class Members in a single action before this Court (the "**Action**");

WHEREAS, the Parties have submitted the Settlement, which this Court preliminarily approved on June 28, 2024 (Dkt. 71) ("**Preliminary Approval Order**");

WHEREAS, the Preliminary Approval Order established a Claim Submission and Objection Deadline of September 27, 2024;

1

WHEREAS, the Preliminary Approval Order established an Opt-Out Deadline of September 27, 2024;

WHEREAS, in accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to or exclude themselves from its provisions.

WHEREAS, having received and considered the Settlement, all papers filed in connection therewith including Plaintiffs' Motion for Final Approval of Class Action Settlement, Plaintiffs' Motion for Award of Attorneys' Fees and Costs, and Service Awards, the Court **HEREBY ORDERS** and **MAKES DETERMINATIONS** as follows:

1. <u>Incorporation of Other Documents</u>. The Settlement Agreement, including its exhibits, and the definitions of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. <u>Jurisdiction</u>. This Court has jurisdiction over the subject matter of this Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> All persons in the United States who, between March 10, 2016, and June 28, 2024, purchased in the United States, for personal or household consumption and not for resale or distribution, one of the Class Products.

Excluded from the Settlement Class are: (1) the presiding judges in the Actions; (2) any member of those judges' immediate families; (3) Defendant; (4) any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; (5) counsel for the Parties; and (6) any persons who timely opt-out of the Settlement Class.

3. <u>Class Certification</u>. The Court finds and determines that the Settlement Class, as defined in the Settlement Agreement and above, meets all of the legal requirements for class certification for settlement purposes under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), and it is hereby ordered that the Class is finally certified for settlement purposes.

4. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court finds, with respect to all aspects of the Settlement Agreement except the provisions of Section 5 thereof, that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that:

    a. The Settlement Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the Settlement Class;

    c. The claims of the Settlement Class Representatives are typical of the claims of the Settlement Class;

    d. The Settlement Class Representatives Jami Kandel, Mocha Gunaratna, and Renee Camenforte, have fairly and adequately protected the interests of the Settlement Class and are, therefore, appointed as Settlement Class Representatives;

    e. Clarkson Law Firm, P.C. has fairly and adequately protected the interests of the Settlement Class and are qualified to represent the Settlement Class and are, therefore, appointed as Class Counsel;

    f. The questions of law and fact common to the Settlement Class predominate over the questions affecting only individual members; and

  g. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

5. Pursuant to the Settlement Agreement, and for settlement purposes only, for purposes of the non-monetary relief specified in Section 5 of the Settlement Agreement, the Court further finds as to the Settlement Class that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(2) have been satisfied in that:

  a. The Settlement Class is so numerous that joinder of all members is impracticable;

  b. There are questions of law or fact common to the Settlement Class;

  c. The claims of the Settlement Class Representatives are typical of the claims of the Settlement Class;

  d. The Settlement Class Representatives, Jami Kandel, Mocha Gunaratna, and Renee Camenforte, and Class Counsel have fairly and adequately protected the interests of the Settlement Class;

  e. Defendant has acted or refused to act on grounds generally applicable to the Settlement Class, thereby making appropriate final injunctive relief with respect to the Settlement Class as a whole.

6. <u>Adequate Representation</u>. The Court orders that Settlement Class Representatives Jami Kandel, Mocha Gunaratna, and Renee Camenforte are appointed as the Settlement Class Representatives. The Court also orders that Clarkson Law Firm, P.C., Ryan J. Clarkson, and Yana Hart are appointed as Class Counsel. The Court finds that the Settlement Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members in accordance with Fed. R. Civ. P. 23.

7. <u>Arms-Length Negotiations</u>. The Court finds that the proposed Settlement is fair, reasonable, and adequate based on the value of the Settlement, and the relative risks and benefits of further litigation. The Settlement was arrived at after sufficient investigation and discovery and was based on arms-length negotiations, including a full day mediation, followed by months of continued settlement discussions to finalize the settlement.

8. <u>Class Notice</u>. The Court directed that notice be given to Settlement Class Members by publication, e-mail, mail, and other means pursuant to the notice program proposed by the Parties in the Settlement and approved by the Court. The declaration from Settlement Administrator EAG Gulf Coast, LLC attesting to the dissemination of notice to the Settlement Class demonstrates compliance with this Court's Order Granting Preliminary Approval of Class Settlement. The notice program set forth in the Settlement successfully advised Settlement Class members of the terms of the Settlement, the Final Approval Hearing (referred to in the Settlement as the "Fairness Hearing"), and their right to appear at such hearing; their rights to remain in or opt out of the Settlement Class and to object to the Settlement; the procedures for exercising such rights; and the binding effect of the Judgment herein.

9. The Court finds that distribution of the Notice constituted the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to all members of the Settlement Class. The Court finds that such notice complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable laws. The Notice informed the Settlement Class of: (1) the terms of the Settlement; (2) their right to submit objections, if any, and to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the Settlement; (3) their right to request exclusion from the Settlement

Class and the Settlement; and (4) the location and date set for the final approval hearing. Adequate periods of time were provided by each of these procedures.

10. The Court finds and determines that the notice procedure carried out by EAG Gulf Coast LLC afforded adequate protections to Settlement Class members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Settlement Class members. The Court finds and determines that the Notice was the best notice practicable, and has satisfied the requirements of law and due process.

11. <u>Settlement Class Response</u>. A total of 68,245 Settlement Class Members submitted Approved Claims, and there have been no Objections to the Settlement (defined below) and no Requests for Exclusion.

    a. No Objections were received to the Settlement. This positive reaction by the Settlement Class demonstrates the strength of the Settlement.

    b. No Settlement Class members opted out of the Settlement. This positive reaction by the Settlement Class demonstrates the strength of the Settlement.

12. <u>Final Settlement Approval</u>. The Court hereby finally approves the Settlement Agreement, the exhibits, and the Settlement contemplated thereby ("**Settlement**"), including but not limited to all releases contained within the Settlement Agreement, and finds that the terms constituted, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class members in accordance with Fed. R. Civ. P. 23 and direct consummation pursuant to its terms and conditions.

13. The Court finds that the Settlement Agreement provides substantial and meaningful monetary benefits to the Settlement Class as follows: Defendant agreed to provide cash benefits

with a gross potential payout of $9,200,000 (nine million and two hundred thousand dollars) in the aggregate.

14. The Court finds that the Settlement also provides substantial and meaningful non-monetary relief to the Settlement Class as follows: Defendant agrees not to relaunch cosmetics using the "C+Collagen" name that do not contain collagen.

15. The Court finds that the Settlement is fair when compared to the strength of Plaintiffs' case, Defendant's defenses, the risks involved in further litigation and maintaining class status throughout the litigation, and the amount offered in settlement.

16. The Court finds that the Parties conducted extensive investigation, research, and fact and expert discovery, and that their attorneys were able to reasonably evaluate their respective positions.

17. The Court finds that Class Counsel has extensive experience acting as counsel in complex class action cases and their view on the reasonableness of the settlement was therefore given its due weight.

18. The Court hereby grants final approval to and orders the payment of those amounts to be made to the Settlement Class Members in accordance with the terms of the Settlement Agreement. The Court finds and determines that the Settlement Payments to be paid to each Settlement Class Member as provided for by the Settlement are fair and reasonable.

19. The Court further finds that the Settlement Class's reaction to the Settlement overwhelmingly weighs in favor of granting Final Approval of the Settlement.

20. The Settlement is not an admission of liability by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the

Settlement, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or Released Parties.

21.     Based upon claims received as of the date of this Order, the parties do not expect any settlement fund to be available for *cy pres* distribution. However, if any funds remain available after the deadline for Class Members to cash their settlement checks, the parties will re-evaluate the situation to determine if a *cy pres* distribution is needed.

22.     <u>Attorneys' Fees and Costs; Service Awards</u>. The Court approves payment of attorneys' fees to Class Counsel in the amount of $3,066,700 plus their costs of $457,416.66. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees and costs, finds the award of attorneys' fees and costs fair, adequate, and reasonable, and the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

23.     In making this award of attorneys' fees and costs, the Court has further considered and found that:

    a.     The Settlement Agreement created a Total Settlement Fund of $9,200,000.00 in cash for the benefit of the Settlement Class pursuant to the terms of the Settlement Agreement;

    b.     Defendant's cessation of the challenged labels and/or products, and agreement not to reintroduce the challenged products without collagen;

    c.     Settlement Class Members who submitted valid proof of claim forms will obtain a substantial monetary benefit for the products they purchased from of the efforts of the Class Counsel and the Settlement Class Representatives;

8

      d.      The fee sought by the Class Counsel is fair and reasonable and based on the fees incurred by Class Counsel;

      e.      Class Counsel have prosecuted the action with skill, perseverance, and diligence, as reflected by the Settlement Fund, and the positive reaction of the Settlement Agreement by the Settlement Class;

      f.      This Action involved complex factual and legal issues that were extensively researched and developed by the Class Counsel;

      g.      Class Counsel's rates are fair, reasonable, and consistent with rates accepted within this jurisdiction for complex consumer class action litigation;

      h.      Had the Settlement not been achieved, a significant risk existed that Plaintiffs and the Settlement Class Members may have recovered significantly less or nothing from Defendant; and

      i.      The amount of attorneys' fees awarded and expenses reimbursed are appropriate to the specific circumstances of this action.

24.    Defendants and the Released Parties shall not be liable for any additional fees or expenses for Class Counsel or counsel of any Class Representative or Settlement Class Member in connection with the Actions beyond those expressly provided in the Settlement Agreement.

25.    The attorneys' fees and costs set forth in this Order shall be paid and distributed in accordance with the terms of the Settlement Agreement.

26.    The Court approves the Service Award payments of $5,000 to each Settlement Class Representative, Jami Kandel, Mocha Gunaratna, and Renee Camenforte, and finds such amounts to be reasonable in light of the services performed by Plaintiffs for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

This Service Award is justified by: (1) the risks the Settlement Class Representatives faced in bringing this lawsuit, financial and otherwise; (2) the amount of time and effort spent on this action by the Settlement Class Representatives; and (3) the benefits the Settlement Class Representatives helped obtain for the Settlement Class Members under the Settlement.

27. The Court finds that the Settlement Administrator, EAG Gulf Coast, LLC, is entitled to recover costs in the amount of $482,625.72 for settlement administration and $105,413.15 to ClaimsScore LLC for claim validation and fraud detection services.

28. <u>Dismissal.</u> The Action is hereby DISMISSED WITH PREJUDICE, on the merits, by Plaintiffs and all Settlement Class Members as against Defendant on the terms and conditions set forth in the Settlement Agreement without costs to any party, except as expressly provided for in the Settlement Agreement

29. <u>Release.</u> Upon the Effective Date as defined in the Settlement Agreement, the Releasing Parties shall be deemed to have, and by operation of the Judgment herein shall have, unconditionally, fully, and finally released and forever discharged the Released Parties from all Released Claims.

30. <u>Injunction Against Released Claims</u>. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order of Dismissal, the Judgment herein, and this Court's authority to effectuate the

Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

31. <u>No Admission of Liability</u>. The Settlement Agreement and any and all negotiations, documents, discussions and actions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability, wrongdoing or omission by Defendant, or the truth of any of the claims before any court, administrative agency, arbitral forum or other tribunal. Evidence relating to the Agreement will not be discoverable or admissible, directly or indirectly, in any way, whether in this Action or in any other action or proceeding before any court, administrative agency, arbitral forum or other tribunal, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, or this Order.

32. <u>Findings for Purposes of Settlement Only</u>. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

33. <u>Effect of Termination or Reversal</u>. If for any reason the Settlement terminates or Final Approval is reversed or vacated, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

34. <u>Settlement as Defense</u>. In the event that any provision of the Settlement or this Final Order of Dismissal is asserted by Defendant as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement and are ordered in aid of this Court's jurisdiction and to protect its judgment.

35. <u>Retention of Jurisdiction</u>. Without affecting the finality of the Judgment and Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

36. Nothing in this Order shall preclude any action before this Court to enforce the Parties' obligations pursuant to the Settlement Agreement or pursuant to this Order, including the requirement that Defendant make payments to participating Settlement Class Members in accordance with the Settlement.

37. The Parties and the Settlement Administrator will comply with all obligations under the Settlement Agreement until the Settlement is fully and finally administered.

38. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Court.

39. <u>Entry of Judgment.</u> The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment ("**Judgment**") should be entered and that there is no just reason for delay in the entry of the Judgment, as Final Judgment, as to Plaintiffs, the Settlement Class Members, and Defendant.

**IT IS SO ORDERED.**

Dated: October 31, 2024
New York, New York

_____
The Honorable Edgardo Ramos
United States District Judge